CASTRO, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 298.—Decided December 22, 1916.

RECORD OF TITLE — VENDOR'S TITLE — CAVEAT — RETROACTIVE EFFECT.—When a property from which a part is segregated and sold is not recorded in the name of the vendor the registrar acts properly in refusing to record such sale, because article 20 of the Mortgage Law requires that in order to permit of the record of a deed conveying real property the interest of the person executing the same must first appear of record; and the fact that a caveat of ownership is entered in favor of the vendor does not justify the recording of such deed inasmuch as a caveat is not a record and has no other effect than to antedate a record which may be made subsequently to the date of the entry of the caveat if within the time during which it was effective the defect which prevented the record is corrected.

The facts are stated in the opinion.
*Mr. Manuel Benítez Flores* for the appellant.
The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

During her widowhood Pía de Jesús sold to María Castro, the wife of Trifón León, three *cuerdas* of land which she segregated from a property of 11.15 *cuerdas,* acquired partly by inheritance and partly by purchase, the said parcels not being described.

A certified copy of the instrument reciting the transaction having been presented in the registry of property, the registrar refused to record the same because the property from which the land sold was segregated was not recorded

in the name of the vendor, although a notice of her right of ownership was entered for four months, and because in the event that the vendor acquired the property during wedlock she could not convey while a widow the portion obtained by purchase until the conjugal partnership had been liquidated, nor the portion inherited without the consent of the heirs of the deceased spouse. The registrar entered a caveat on the record in the registry with the curable defect that the husband of the purchaser had not accepted the deed as the sole legal representative and manager of the conjugal partnership.

The said decision was appealed from by the purchaser.

As the property from which a part was segregated and sold to the appellant was not recorded in the name of the vendor, the registrar was justified in refusing to record the said sale, for article 20 of the Mortgage Law provides that in order to record a title the property must first be recorded in the name of the grantor; and the fact that a notice of the ownership is entered in the name of the vendor does not authorize the record of the sale, for such entry is not a record and produces no other effect than to make a subsequent record valid as of the date of the entry provided the defect preventing the record be corrected within the said period.

The decision appealed from is sustained on its first ground—that is, because the property from which a part was segregated and sold was not recorded in the name of the vendor—and we abstain from considering the other grounds on which the said decision is based, for they presuppose that the property was recorded in the name of the vendor, and the registrar contends that the title refused admission to record would not be recordable under that theory.

The decision appealed from should be affirmed on the ground that the property from which the segregation was made was not recorded in the name of the vendor.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.